**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| **Lorrie Cole,** | ) | **Civil Action No.:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMANDED** |
| **Michelin, North America,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**COMES NOW** plaintiff Lorrie Cole (hereafter "plaintiff" or "Cole"), by and through her undersigned counsel, complains of defendant Michelin North America (hereafter "Michelin"), and respectfully shows unto the Court:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident and citizen of Greenville County, South Carolina.

2. Defendant Michelin is a corporation organized under the laws of one of the United States, which does business in Greenville County.

3. This Court has personal jurisdiction over the parties.

4. Venue is proper in the Greenville Division of the District of South Carolina pursuant to 28 U.S.C. §1391 (b)(1).

5. This Court has subject matter jurisdiction of the federal questions in this action pursuant to 28 U.S.C. §1331.

### FACTUAL ALLEGATIONS

6. Cole is employed by Michelin as an Administrative Assistant/Coordinator.

7. Cole's position of Administrative Assistant/Coordinator was considered a salaried non-exempt position by Michelin.

8. Cole's primary duties as an Administrative Assistant/Coordinator for Michelin were clerical in nature.

9. Cole's position and primary duties as an Administrative Assistant/Coordinator were not covered by any exemption from the overtime premium under § 113 of the Fair Labor Standards Act, 29 U.S.C. § 213.

10. Cole was entitled to an overtime premium from Michelin for any hours worked in a workweek over 40, pursuant to § Section 107 of the FLSA, 29 U.S.C. § 207.

11. Cole was paid a salary by Michelin to compensate her for the hours she worked each workweek up to 40.

12. For most of her employment as An Administrative Assistant/Coordinator, Cole worked at least 50 hours during the workweek.

13. During the workweeks from the date of her employment as an Administrative Assistant/Coordinator through the beginning of 2017, when Cole worked more than 40 hours a week, she did not receive an overtime premium as part of her compensation during that workweek.

14. During her employment as an Administrative Assistant/Coordinator, she inquired of her superiors and the human resources department on several occasions as to whether she was eligible for overtime payments.

15. It was only after her repeated inquiries and complaints about not receiving overtime for several years that Michelin recognized she was a non-exempt employee.

16. In late 2016, Cole received a lump sum amount of $76,846.00 from Michelin, designed to compensate her for the seven years she had spent in the Administrative Assistant/Coordinator position until that time without the benefit of overtime.

17. This payment did not include any payment for liquidated damages.

18. Cole worked more than 40 hours a workweek in early 2017, after the lump sum payment, but was not paid an appropriate overtime premium for those workweeks.

19. Michelin's failure to pay her overtime during the time she spent in the Administrative Assistant/Coordinator position was willful.

20. In late 2016, Cole was told that her Administrative Assistant/Coordinator would be eliminated by June of 2017.

21. Pursuant to Michelin's written policies, she was eligible to apply for other positions and accept other positions within Michelin in order to remain employed by Michelin.

22. Pursuant to the written policies alleged above, on or about January 24, 2017, Cole applied for the Event Coordinator position at LPG, a division of Michelin.

23. Cole was told that she would have been selected for the position, but her supervisor, Mike Bundick, would not release her from the Administrative Assistant/Coordinator position.

24. Cole is 50 years of age.

25. A younger female, Debra Morgan, was offered the position.

26. Subsequently, Cole suffered what her doctor describes as a "stress-induced" heart attack. Cole is currently on a leave of absence.

27. Upon information and belief, Cole's position of Administrative Assistant/Coordinator has now been eliminated.

## FOR A FIRST CAUSE OF ACTION
## (FLSA)

28. The allegations in paragraphs 1-27 of this Complaint are incorporated in the cause of action herein by reference, just as if they had been set out in full.

29. Michelin's failure to pay an appropriate overtime premium is willful as that term is used in 29 U.S.C. §201 *et seq.*

30. Cole is entitled to an appropriate overtime premium for every hour over 40 that she worked in the Administrative Assistant/Coordinator position for the last three years prior to the filing of this Complaint, pursuant to 29 U.S.C § 207, and 29 U.S.C. §255(a), less any payments towards those owed overtime premiums made by Michelin in the lump sum payment.

31. Cole is entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).

32. Cole is entitled to recover costs and a reasonable attorneys' fee pursuant to 29 U.S.C. § 216(b).

## FOR A SECOND CAUSE OF ACTION
## (FLSA RETALIATION)

33. The allegations in paragraphs 1-32 of this Complaint are incorporated in the cause of action herein by reference, just as if they had been set out in full.

34. Section 215(a)(3) makes it unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint…related to this chapter…"

35. Cole's previous inquiries and complaints to superiors and human resources about the lack of required overtime premiums constitute protected activity under Section 215(a)(3).

36. The actions of Michelin, through its supervisor, Mike Bundick, in refusing her the opportunity to go to the Event Coordinator position, were motivated by her prior complaints, which

resulted in a sizable lump sum payment, and constitute unlawful retaliation under 29 U.S.C. § 215(a)(3).

37. The actions of Michelin in refusing to release Cole from the Administrative Assistant/Coordinator position violated its own written policies.

38. Cole was qualified for the Event Coordinator position.

39. The actions of Michelin alleged herein were the proximate cause preventing Cole from obtaining the Event Coordinator position, and resulting in Cole not acquiring a replacement position prior to her Administrative Assistant/Coordinator position being eliminated, and constitute unlawful retaliation under Section 215(a)(3).

40. Cole is entitled to reinstatement, back pay, back benefits, liquidated damages, front pay, costs and a reasonable attorneys' fee pursuant to 29 U.S.C. § 216(b) due to Michelin's violation of Section 215(c).

### FOR A THIRD CAUSE OF ACTION
### (AGE DISCRIMINATION)

41. The allegations in paragraphs 1-40 of this Complaint are incorporated in the cause of action herein by reference, just as if they had been set out in full.

42. The refusal of Michelin to release Cole from her Administrative Assistant/Coordinator Position was in violation of its own written policies.

43. Cole was qualified for the Event Coordinator position.

44. A younger person was selected for the position when Cole was not released.

45. The refusal of Michelin to release Cole from her Administrative Assistant/Coordinator was motivated by her age and is the proximate cause of her not receiving the

Event Coordinator position as well as her not having a current position at this time.

46. 29 U.S.C. § 621 *et seq.* prohibits discrimination in employment against individuals age 40 or older.

47. The actions of Michelin alleged herein constitute unlawful age discrimination under 29 U.S.C. § 621 *et seq.*

48. Cole has exhausted all administrative remedies which are conditions precedent to this cause of action, and received a right to sue notice from the Equal Employment Opportunity Commission on or after May 26, 2017.

49. Cole is entitled to reinstatement, back pay, back benefits, liquidated damages, front pay, costs and a reasonable attorneys' fee under 29 U.S.C. § 626(b) for the damages proximately caused by Michelin's age discrimination against her.

**WHEREFORE**, Cole prays that she be granted a judgment against Michelin for the remedies prayed for herein, as well as costs and a reasonable attorneys' fee, and for such other and further relief as this Court may deem just and proper.

This the 23rd day of August, 2017.

Respectfully submitted,

**M. LEE DANIELS, JR., P.C.**

1200 Woodruff Road
Building A, Suite 3
Greenville, South Carolina 29607     s/ M. Lee Daniels, Jr.
(864) 242-9484                       (Federal ID No. 413)
(864) 288-7937 facsimile
mld@wimlaw.com                       **ATTORNEYS FOR PLAINTIFF**